MARY J. ROBINSON

*v.*

SAMUEL D. ROBINSON.

[Submitted October 27th, 1913.   Determined October 31st, 1913.]

1. If petitioner knew when she married defendant that she was not then divorced from her former husband, and defendant did not know it, petitioner is not entitled to alimony *pendente lite*, unless, after the dissolution of petitioner's former marriage, the parties showed their consent to the marriage by evidence other than that arising from continual matrimonial repute; but, if at the time of the marriage the parties believed they could be lawfully married, and lived together in that belief, it may be inferred from their continuous living together as husband and wife that they consented to the marriage after the removal of the legal obstacle thereto by the wife's divorce from her former husband.

2. If a former marriage of the wife had not been dissolved when the parties to a divorce suit were married, and it is not shown that the parties consented to marriage after the former marriage was dissolved, alimony *pendente lite* should not be awarded to the wife.

3. A wife seeking alimony pending a divorce suit has the burden of showing the existence of the marriage relation; and if her former marriage, existing when she was married to defendant, had been subsequently dissolved, she has the burden of showing that there was an interchange of consent to marriage after such dissolution.

4. On petition by the wife for alimony *pendente lite*, evidence *held* insufficient to show that the wife believed when she married defendant that her divorce from her former husband had been granted.

On petition for divorce.   Hearing of petition for alimony *pendente lite* and counsel fee.

*Mr. Townsend Godfrey,* for the petitioner.

*Mr. Ulysses G. Slyron,* for the defendant.

LEAMING, V. C.

It is admitted that a marriage was celebrated between petitioner and defendant July 15th, 1902, and that thereafter until shortly before the institution of this suit petitioner and defendant continuously cohabitated as husband and wife and made themselves known to the world as such during all of that time. It is also admitted that at the time of the marriage ceremony petitioner had a husband living against whom a divorce suit was then pending and that the decree in that suit—which decree granted to petitioner a divorce from her former husband— was not in fact entered until twenty-three days after the ceremonial marriage between petitioner and defendant. The only disputed fact at this time is whether petitioner knew at the time of her ceremonial marriage to defendant that the decree against her former husband had not been then entered; petitioner now claiming that she then believed she had been divorced and defendant now claiming that she then knew she had not been divorced. Defendant claims that his first knowledge of the fact that petitioner had not been divorced prior to his ceremonial marriage to her was obtained by him since the beginning of this suit.

The views stated for the court of errors and appeals by the learned chief-justice in *Collins* v. *Voorhees,* as reported in *47 N. J. Eq. (2 Dick.) 555,* must be regarded as controlling to this court. If, therefore, petitioner knew at the time of her ceremonial marriage to defendant that she was not then divorced from her former husband and defendant did not know of that fact and has first ascertained that fact since the recent separation of the parties, it seems impossible to grant relief to petitioner consistently with the rules stated in *Collins* v. *Voorhees, supra,* in the absence of some evidence of interchange of consent to marriage by the parties subsequent to the date of the removal of the impediment to a lawful marriage other than

evidence afforded by the continuous matrimonial habit and re-
pute. If, on the other hand, both petitioner and defendant
believed at the time of their ceremonial marriage that no im-
pediment to their lawful marriage existed and have since, until
their recent separation, continuously lived together as husband
and wife in the mutual belief that their ceremonial marriage
was lawful *Collins* v. *Voorhees, supra,* and *Chamberlain* v.
*Chamberlain, 68 N. J. Eq. (2 Robb.) 786,* support the view
that upon the removal of the impediment already referred to
the subsequent interchange of consent to marriage necessary
to create a lawful marriage relation may be inferred from the
continuous matrimonial habit and repute in the absence of other
evidence of the fact. In the former case the original mere-
tricious purpose of the wife may be presumed to have continued
and the husband would thus become entitled to be relieved from
the consequences of the fraud practiced upon him when he first
ascertained the facts, notwithstanding the removal of the im-
pediment to the marriage in the interim; in the latter case the
original meretricious purpose of both to be husband and wife
may be presumed to have continued.

The real issue here presented is, therefore, one of marriage
or no marriage. In such case a preliminary order for alimony
may be made, but should not be made if the result of that issue
appears to be in substantial doubt, for the very foundation of
the right is the existence of the marriage status, and the burden
of establishing the existence of the marriage relation is on the
petitioner. *Vreeland* v. *Vreeland, 18 N. J. Eq. (3 C. E. Gr.)
43; Cray* v. *Cray, 82 N. J. Eq. (5 Stew.) 25; Freeman* v.
*Freeman, 49 N. J. Eq. (4 Dick.) 102.* As it is here admitted
that when the marriage ceremony was performed petitioner had
a husband living from whom she had not then been divorced,
the burden rests upon her to establish as a fact that she and de-
fendant at that time believed that no impediment existed, if
she now seeks to avail herself of the benefits of the claim that
the subsequent removal of the impediment followed by matri-
monial habit and repute presumptively established a new matri-
monial compact, for the matrimonial habit and repute, under

the circumstances stated, become material only when the good faith of petitioner in contracting the ceremonial marriage is first established.   See *Atlantic City Ry.* v. *Goodin, 62 N. J. Law (33 Vr.) 394, 400.*   The only evidence here present touching that important fact is petitioner's statement to that effect and the statement of defendant to the contrary; her statement now is that she then believed that her divorce against her former husband had been granted before her ceremonial marriage to defendant; his statement now is that when the ceremony of marriage was performed she knew that she had not been divorced and that he did not then know it, and only recently ascertained it.   In this condition of the record it must now be determined that petitioner has not sufficiently sustained the burden of proof which the law casts upon her in a case of this nature to justify an order for alimony *pendente lite.*

A counsel fee was allowed to petitioner in this suit and paid by defendant before defendant ascertained that petitioner was in fact married at the time of his ceremonial marriage to her. I do not think an additional allowance can be properly made.