## MYRTLE PROFENIUS

### *v.*

## CHARLES L. PROFENIUS.

[Submitted January 27th, 1919.　Determined February 4th, 1919.]

Where the fact of the marriage between the parties is in doubt no alimony *pendente lite* will be allowed.

---

On bill for maintenance. On hearing on return of order to show cause for alimony and counsel fee *pendente lite*.

*Mr. James Mercer Davis,* for the petitioner.

*Mr. William J. Kraft,* for the defendant.

LEAMING, V. C.

In this suit complainant alleges that she is the lawful wife of defendant by reason of a parol contract of marriage followed by cohabitation and repute. The suit is to compel defendant to contribute to complainant's support as his wife. A petition in the cause has been filed by complainant seeking an order for support *pendente lite* and a counsel fee.

No ceremonial marriage is claimed to have been celebrated. Defendant denies that complainant is his wife. Accordingly, the single issue now presented is one of marriage or no marriage.

In *Robinson* v. *Robinson, 88 Atl. Rep. 951,* I held as follows: "In such case a preliminary order for alimony may be made, but should not be made if the result of that issue appears to be in substantial doubt, for the very foundation of the right is the existence of the marriage status, and the burden of establishing the existence of the marriage relation is on the petitioner." See also cases to that effect there cited.

Voluminous affidavits have been filed in behalf of both petitioner and defendant. The affidavits in behalf of petitioner strongly indicate that petitioner and defendant were man and wife. The affidavits filed in behalf of defendant strongly indicate that their relations were those of man and illicit mistress. In behalf of petitioner evidence is presented of frequent recognitions of petitioner by defendant as his wife before relatives and neighbors. The affidavits in behalf of defendant make claim that such recognitions as were made of that nature were made by the parties for purposes of deception and concealment of their real relations. Affidavits in her behalf state that she was known in the neighborhood where she resided as the wife of defendant; other affidavits in behalf of defendant are to the effect that she was generally known as defendant's mistress. Letters from defendant to petitioner are produced on the envelopes of which defendant has uniformly addressed petitioner as "Mrs. C. L. Profenius." On the other hand, it is shown that during the period here in question petitioner kept bank accounts in her maiden name, and a receipt for a motorcycle suit signed by her in that name is also produced. In one letter written by her she clearly discloses that in the absence of defendant she entertained a lover illicitly.

I find myself unable to escape the conclusions that the fact of marriage of the parties is too much in doubt to justify preliminary relief based upon the existence of the marriage status. A final hearing will be necessary to adequately establish that fact. The language of Chancellor Zabriskie, in *Vreeland* v. *Vreeland,*

*18 N. J. Eq. 43,* is here applicable: "The only foundation for the order for alimony and counsel fee *pendente lite* is that the marriage has existed in fact between the parties. Where the real controversy in the suit is, as here, between the parties, whether that relation exists, or ever did exist, the order cannot be made upon the mere allegation or *ex parte* affidavits of the wife. Else every man might be made to pay the expenses of any woman who claimed him as her husband, and sues for maintenance, and to support her as long as the suit could be spun out."

I will advise an order dismissing the order to show cause.