Complainant's bill is filed under section 26 of our Divorce act (2 Comp. Stat. p. 2038) against defendant, as her husband, to procure an order for support and maintenance. By petition filed in the cause complainant now seeks an order for support pending final hearing.
The amended bill and petition disclose that defendant has procured in the State of Nevada a decree of divorce against her. That divorce she attacks as void in this state, alleging, among other things, fraud in its procurement. These averments of the bill and petition attacking the validity of the Nevada divorce decree are denied by defendant except as to the averment that defendant did not reside in the State of Nevada for a period of two years prior to the divorce decree. In the recent case ofEvelyne Schneider v. Walter F. Schneider, 103 N.J. Eq. 149), I held that it is not within the intent of section 33 of our Divorce act to deny recognition to a divorce decree of a sister state upon the sole ground that the party in whose favor such decree had been entered had not resided in that state for a period of two years. Accordingly, the only question here open to consideration at this time is whether in view of the sworn denial by defendant of all the averments in behalf of complainant which would, if true, deny to the Nevada decree recognition in this state, an order for support pendente lite should be made. That inquiry should be answered in the negative.
Complainant's right to support from defendant is wholly based upon her claim that she is his wife at this time, and by the terms of our statute that relationship between the parties is made the foundation of a bill of this nature. Accordingly the fundamental issue now presented is whether complainant is the wife of defendant at this time. Since a decree of a court of a sister state has admittedly been entered dissolving the marriage, the burden is obviously on complainant to establish the alleged infirmities of that decree; but her *Page 176 
averments of facts tending to impeach the decree are denied by defendant under oath. In Robinson v. Robinson, 82 N.J. Eq. 466,468, the authorities of this state applicable to that situation are collected and are declared to be to the effect that in such case an order for support pendente lite may be made, but should not be made if the result of that issue appears to be in substantial doubt. The principles stated in Robinson v.Robinson were again applied in Profenius v. Profenius,90 N.J. Eq. 45. Such doubt must be said to exist in this case. In addition to defendant's denial of the material facts averred by complainant, there exists the decree of the court of the sister state which should at least be given prima facie force until at final hearing the truth of complainant's averments can be adequately tested.
The order to show cause will be dismissed.