Kerr v. Willetts.

EDWARD M. KERR v. JOSEPH WILLETTS ET AL.

1. A plea in abatement cannot be joined with a plea in bar to the same demand.

2. The pendency of a suit by the same plaintiff against the same defendant, for the same cause of action, in another state, cannot be pleaded in abatement to a suit instituted here. The remedy of the defendant is to apply to the court here to stay the suit, or to refuse final judgment until the suit in the foreign jurisdiction is discontinued.

In *assumpsit.* On motion to strike out plea.

Argued at November Term, 1885, before Justices VAN SYCKEL and DIXON.

For the plaintiff, *R. S. Woodruff, Jr.*

For the defendants, *James Buchanan.*

The opinion of the court was delivered by

VAN SYCKEL, J. The declaration contains tne common counts.

The defendant pleaded—

*First.* Another action pending in New York for same cause of action, between same parties.

*Second.* General issue.

*Third.* Statute of limitations.

The plaintiff moves to strike out plea in abatement.

The objection to the defendants' plea is two-fold :

*First.* The plea in abatement is improperly joined with pleas in bar to the same demand. *Stephens on Pleadings* 430.

*Secondly.* The pendency of a suit by the same plaintiff against the same defendant, for the same cause of action, in another state, cannot be pleaded in abatement to a suit instituted subsequently here. *Fulton* v. *Golden,* 10 *C. E. Gr.* 353 ; *Bowne* v. *Joy,* 9 *Johns.* 221 ; *Stanton* v. *Embrey,* 93 *U. S.* 548 ; *Walsh* v. *Durkin,* 12 *Johns.* 99 ; *Smith* v. *Lathrop,* 44 *Penna. St.* 326 ; *Allen* v. *Watt,* 69 *Ill.* 655 ; *Yelverton* v. *Conant,* 18 *N. H.* 123.

This has long been the established rule in England. *Maule* v. *Murray,* 7 *T. R.* 466 ; *Imlay* v. *Ellepen,* 2 *East* 457.

The reasons upon which this rule rests are clearly stated, and the authorities for it cited, in *Hatch* v. *Spofford,* 22 *Conn.* 485.

Mr. Justice Ellsworth, in delivering the opinion of the court in that case, says that the fact that the federal constitution has provided that full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state, furnishes no reason for departure from the English rule.

The want of conclusiveness of the judgment is not the reason assigned why a prior suit in a foreign jurisdiction shall not abate another.

The true reason is that every country is sovereign and unrestricted in its powers—legislative, judicial and executive —and hence does not acknowledge the right of any other

nation to hinder its own sovereign acts and proceedings. If the suit is abated here, it may be that no adequate remedy can be had in the other jurisdiction. We do not know the mode of trial there, the rules of evidence, the statutes pertaining to limitation or usury, or what kind of judgment and satisfaction will be had, or whether, if satisfaction can be had, it may not be upon terms inimical to the policy of our laws. Duty to its citizens forbids that a state shall send the suitor out of its own jurisdiction, and constrain him to seek justice elsewhere.

The plea in abatement, if it prevails, ends the suit. To constitute such a bar, the prior suit must not only be between the same parties, for the same cause of action, but it must also be in the same jurisdiction. The pending suit in the foreign jurisdiction may furnish ground for staying the suit here, or the court, in the exercise of a wise discretion, may refuse to permit final judgment until the foreign suit is discontinued, but that question is not now presented.

The plea in abatement will be stricken out.