## FRANCIS L. FLOWER

### v.

## SARAH A. FLOWER.

In 1882, a wife removed from this state, where the parties were married in 1870 and where they then lived, to the state of Michigan, where, after a residence of one year, she obtained a divorce from her husband on the ground of cruelty and habitual drunkenness. He was served with no process or notice of that suit, and had no knowledge thereof until early in 1885. In the Michigan suit the wife swore that her husband was a resident of New Jersey, and the court there proceeded against him by the publication of a notice in a local newspaper. The wife returned to this state, and, in April, 1885, married one K. here; she remained here only about half an hour, and then returned to Michigan, where she has been living ever since as the wife of K. On application by her husband for divorce on the ground of her adultery with K.—*Held*, that the Michigan divorce was a nullity as to him, whatever may be its effect in that state, and that it was no legal justification of the defendant's intercourse with K., whether such intercourse took place here or elsewhere.

Bill for divorce. On final hearing on pleadings and proofs.

Flower *v.* Flower.

*Mr. James Steen,* for complainant.

*Mr. H. M. Nevius,* for defendant.

THE CHANCELLOR.

The parties to this suit were married at Red Bank, in this state, September 20th, 1870. They lived here together until June 4th, 1881, when the defendant left the complainant and went to the house of her brother in Red Bank. She never returned to the complainant. The complainant has resided in this state ever since the marriage. In September, 1881, having obtained employment in the city of New York, the defendant went there to reside, and lived there until April, 1882, when she removed to Alpena, in Michigan, with the intention of residing there permanently, and she continued to live there accordingly from that time. In April, 1883, she began a suit in Michigan for a divorce from the bond of marriage from the complainant, on the ground of cruelty and habitual drunkenness, and on the 27th of October, 1883, she obtained a decree in that suit granting her such divorce on those grounds and awarding to her the custody of the child of the parties. In April, 1885, she was married to Albert F. Kelly, at Red Bank, and, according to the testimony of her brother, at whose house that marriage took place, she remained in this state about half an hour after the marriage, and then went with Kelly to Michigan, and she is still living with him.

The complainant was served with no process in the Michigan divorce suit, and did not appear in it, and never had any notice or knowledge of it until after the decree had been obtained. He never heard of it until a short time before the defendant married Kelly. In the proceedings in that case the defendant in this suit swore that her husband resided in New Jersey, and the court proceeded against him by publication of notice in a newspaper in Alpena. The bill in this case is filed for a divorce *a vinculo,* on the ground of adultery. The defendant does not deny that she has been living with Kelly as his wife ever since

her marriage to him, but she insists that such cohabitation is lawful, and does not entitle the complainant to a divorce.

The decree of divorce obtained in Michigan is, under the circumstances, a nullity here against the complainant. *Doughty* v. *Doughty, 1 Stew. Eq. 581.* Whatever its effect in Michigan, it must be held here to be of no effect, and consequently it must be adjudged that the marriage between the parties to this suit still subsists. It follows that that decree constitutes no warrant or legal justification in this state for the defendant's intercourse with Kelly, and cannot be interposed to shield her from the consequences thereof in this suit. *1 Bish. Mar. & Div.* § *711; McGiffert* v. *McGiffert, 31 Barb. 69.* And it matters not where that intercourse took place, whether in this state or elsewhere. The complainant is entitled to a decree.