Fairchild *v.* Fairchild.

WILLIAM G. FAIRCHILD, appellant,

*v.*

NETTIE F. FAIRCHILD, respondent.

1. The only ground upon which the judgment of a court of general jurisdiction can be disregarded in another state is—*first*, where the adjudging tribunal had no jurisdiction over the person against whom judgment was pronounced, or over the subject-matter of the litigation; and *second*, where the adjudication of the foreign tribunal has been obtained by fraud.

2. Where the plaintiff in a cause is required by statute to have been a *bona fide* resident of the state in which his action is brought for a fixed period of time, in order to enable him to maintain his action, the ascertainment by the court of the fact of such residence necessarily precedes a consideration of the merits of the case; and the determination of that question by the court is final, not only in the courts of that state, but in every other jurisdiction where the validity of the judgment comes in question, unless such determination has been procured by fraud.

3. The pendency of a suit between the same parties, and for the same cause of action, in this state, is no bar to a subsequent suit brought in a sister state. The remedy of the defendant is to apply to the court in which the subsequent suit is brought to stay proceedings, or to refuse final judgment until the suit here is determined.

On appeal from a decree of the court of chancery, advised by an advisory master.

*Mr. Leon Abbett,* for the appellant.

*Mr. Alfred Walling, Jr.,* for the respondent.

The opinion of the court was delivered by

GUMMERE, J.

This is an appeal from a decree of the court of chancery, on a bill for maintenance filed by the respondent against the appellant. The parties were married in the city of New York, on August 10th, 1885, and a few days afterward the appellant left his wife and removed to the State of Colorado, and in December

---

Fairchild *v.* Fairchild.

---

of the same year went to Kansas, where he has ever since continued to reside.   The respondent was, at the time of her marriage, and still is, a resident of this state.

On the 11th of March, 1887, the appellant obtained a decree of divorce from the respondent in the district court of Stafford county, in the State of Kansas.   The respondent, however, was never within the jurisdiction of that court, nor was she served with process in the suit in which the decree was rendered, nor did she ever receive any notice of its pendency.

In April, 1887, this suit was begun in the court of chancery, by the respondent, for the purpose of compelling her husband to maintain her, and, incidentally, to have the decree of the Kansas court declared null and void.

In March, 1888, and while this suit was pending in the court of chancery, the appellant commenced another action against the respondent in the district court of Hodgeman county, Kansas, for a divorce from her, and an annulment of their marriage. To this second Kansas suit the respondent appeared and made defence, and on the 4th day of October, 1888, a final decree was entered in favor of the appellant, divorcing him from the respondent.

In November, 1893, the appellant applied to the court of chancery to open the decree *pro confesso* which had been entered against him in this suit, and for leave to file an answer setting up the decree of the district court of Hodgeman county as a bar to the complainant's right to a decree.   His application was granted and an answer was filed by him setting up the second Kansas decree.

On the final hearing of the cause the court below found that the appellant had abandoned the respondent without justifiable cause ; that he was not a *bona fide* resident of the State of Kansas, but that he went there solely for the purpose of instituting divorce proceedings against the respondent, and that neither the decree of divorce made by the district court of Stafford county nor that made by the district court of Hodgeman county was a bar to the suit, and granted the respondent the relief asked for.

So far as the decree of divorce which was granted by the Stafford county court is concerned, it is clear that it was without extra-territorial effect. The respondent was never within its jurisdiction, she was not served with process, nor was any notice of the pendency of the proceedings given to her, although her place of residence was known to the appellant. Under similar circumstances, a decree of divorce, pronounced by a circuit court of the State of Illinois, was refused recognition by this court in the case of *Doughty* v. *Doughty, 1 Stew. Eq. 581.*

The decree of the district court of Hodgeman county, however, stands on a different footing. That court had jurisdiction over the parties, the respondent having voluntarily appeared and made defence to the action brought against her there by the appellant. It also had jurisdiction, by virtue of the Kansas statute, which was offered in evidence, over the subject-matter of the suit. Counsel for the respondent contended before us that the court was without jurisdiction over the subject-matter of the litigation, because, at the time of its institution, the marriage relation no longer existed between the parties, so far as the State of Kansas was concerned, it having already been dissolved by the decree of the Stafford county court. But this was a matter of defence which should have been set up in the second Kansas suit, and cannot be considered in this action. So, too, the question of the *bona fides* of appellant's residence in Kansas, which was passed upon by the court of chancery, was one for the exclusive consideration of the Kansas court. By the statute of that state the plaintiff in an action of divorce is required to have been an actual resident, in good faith, of the state for one year next preceding the filing of his petition. It was, therefore, necessary for the Kansas court, before taking up the consideration of appellant's case upon the merits, to determine whether he had been an actual resident of the state, in good faith, for at least a year next preceding the commencement of his action, and that decision, unless procured by fraud, is conclusive, not only in Kansas but in every other jurisdiction where the validity of the judgment comes in question. *Kinnier* v. *Kinnier, 45 N. Y. 540; Kerrigan* v. *Kerrigan, 2 McCart. 147; Nichols* v. *Nichols, 10 C. E. Gr. 63.*

Fairchild v. Fairchild.

Can this judgment, rendered by a court which had jurisdiction over the parties and over the subject-matter of the litigation, be ignored by the courts of this state, notwithstanding the prescription of the constitution of the United States, supplemented by the federal statute of 1790, that the judicial proceedings of each state shall have the same faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state where such proceedings are had? It seems to me not, for, while this constitutional provision and the federal statute referred to have been the subject of more or less diversity of judicial opinion, it is now entirely settled that the only grounds upon which the judgment of a court of general jurisdiction can be disregarded in another state are—*first*, where the adjudging tribunal had no jurisdiction over the person against whom judgment was pronounced, or over the subject-matter of the litigation; and *second*, where the adjudication of the foreign tribunal has been obtained by fraud. *Moulin* v. *Insurance Company, 4 Zab. 222; Mackay* v. *Gordon, 5 Vr. 268; Jardine* v. *Reichert, 10 Vr. 165; Davis* v. *Headley, 7 C. E. Gr. 121; Nichols* v. *Nichols, 10 C. E. Gr. 174; Doughty* v. *Doughty, 12 C. E. Gr. 315; S. C. on appeal, 1 Stew. Eq. 581; Royal Arcanum* v. *Carley, 7 Dick. Ch. Rep. 642.*

Neither of these conditions exists in the judgment now under consideration. As has already been stated, the Kansas court had jurisdiction over both the subject-matter of the suit and over the parties to it; and although it was insisted before us, by counsel for the respondent, that the decree of that court was the product of fraud, an examination of the testimony in the case fails to disclose any substantial ground for such a charge.

It was contended, both in the court below and in this court, that the fact that the present suit was pending in the court of chancery of this state at the time of the institution of the proceedings in the Hodgeman county court, deprived the foreign tribunal of jurisdiction. This contention is without force. The pendency of a suit between the same parties, and for the same cause of action, in this state, is no bar to a subsequent suit brought in a sister state. The remedy of the defendant is to

apply to the court in which the subsequent suit is brought, to stay proceedings, or to refuse final judgment, until the suit here is determined; and the granting or refusal of such application is a matter of discretion in the court to which it is made. *Bowne* v. *Joy, 9 Johns. 221;* *Hatch* v. *Spafford, 22 Conn. 485;* *Newell* v. *Newton, 10 Pick. 470;* *Stanton* v. *Embrey, 93 U. S. 548;* *Fulton* v. *Golden, 10 C. E. Gr. 353;* *Kerr* v. *Willetts, 19 Vr. 78.*

The result is that the decree in the second Kansas suit was a complete bar to the action brought in the court of chancery of this state, and that, consequently, the decree brought by this appeal should be reversed, and the bill of complaint dismissed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, TALMAN—11.

*For affirmance*—None.