SAMUEL J. MARGARUM

v.

WALTER E. MOON et al.

[Filed October 10th, 1902.]

1. Where a creditor and debtor are both citizens and residents of the same state and the creditor institutes attachment in another state to reach credits due the debtor there, which would have been exempt from attachment or judicial process under the laws of the state where both parties were domiciled, the creditor may be enjoined from further prosecuting his action in the foreign state.

2. An attachment in New Jersey for wages can only issue against an absconding debtor, and wages cannot be reached, under the act of 1901 (*P. L. of 1901 p. 372*), upon an execution, except upon an order that such installment of said wages as a judicial officer shall determine shall be paid from time to time.

Margarum v. Moon.

3. In a suit against one who has been made a garnishee of plaintiff in another state, the action will not be abated by plea of the other action, but it may be stayed until the foreign action is discontinued.

4. A debtor residing in New Jersey sued for an injunction to restrain his creditor, also a resident of New Jersey, from attaching in another state a sum due the debtor, and which, under the laws of New Jersey, was exempt from attachment. Defendants' sworn statement was that he had assigned the claim absolutely to the one prosecuting in the other state, and that under the assignment the assignor was to receive half of any recovery.—*Held*, that the injunction would not lie, inasmuch as on the showing the assignor had no control over the foreign proceedings.

5. A creditor residing in New Jersey assigned his claim against the debtor, also a resident of New Jersey, to one in another state, who there attached a sum due the debtor, which sum was exempt from execution under the laws of New Jersey.—*Held*, that an injunction would not issue, restraining the creditor from receiving any part of the money collected, since the effect of such an injunction would be to leave the money in the hands of the assignee, and would be of no avail to the debtor.

6. In a suit by a debtor for an injunction restraining attachment proceedings in a foreign state, it appeared that the debt amounted to $31, and it was contended that the New Jersey court had no jurisdiction, the debt being below the $50 limit.—*Held*, that the amount attached being over $50 and it not appearing that the debt, interest and costs would not amount to more than $50, there was jurisdiction.

On order to show cause why an injunction should not issue restraining the defendant from prosecuting an attachment in the courts of West Virginia.

*Mr. John A. Montgomery* and *Mr. William M. Lanning,* for the complainant.

*Mr. W. Holt Apgar* and *Mr. Woodbury D. Holt,* for the defendants.

REED, V. C.

Margarum, the complainant, resides in Trenton, is married, living with and supporting a family, and not owning $200 worth of personal property. He is a servant of the Pennsylvania Railroad Company, which company owes him for wages the sum of $100.

Walter E. Moon, the defendant, is also a resident of this state. Margarum owes Moon the sum of $66.61. According to the affidavits Moon has assigned his claim against Margarum to

George O. Smith, attorney for the Delaware Mercantile Company, of Harrisburg. The assignee has attached, in the courts of West Virginia, the wages due to Margarum from the railroad company. The assignment is, in terms, absolute, the consideration for the same being that Moon was to receive one-half of any amount recovered by the assignee.

It is obvious that the purpose of the assignee, in obtaining the assignment, was to evade the statute of this state, which exempts property of a debtor from execution to an amount up to the value of $200.

Mr. Moon, in his affidavit, disclaims any knowledge that attachment suits have been begun in the courts of West Virginia, or that he has any control over such suits. He denies that he has combined with the company, or with Smith, for the purpose of evading the statute laws of the State of New Jersey, or of depriving Margarum of his wages.

The jurisdiction of courts of equity to act *in personam,* upon persons within their jurisdictions, by restraining them from using the courts of another state to execute an inequitable purpose, must be regarded as settled. *1 High Inj.* § *103.*

The injunction is not directed to the foreign tribunal, but to the party within the jurisdiction of the equity court. This judicial power was exercised in the case of *Cunningham* v. *Butler, 142 Mass. 47.* In that case a citizen of Massachusetts, with knowledge that his debtor residing there had stopped payment, and anticipating proceedings in insolvency against him, made an assignment of his claim to a citizen of New York, without consideration; and the latter, before proceedings in insolvency were begun, brought an action upon the claim in New York, and attached property of the debtor there. The Massachusetts court, on a bill filed in equity by the assignee in insolvency, restrained the creditor from prosecuting the action to judgment, the court having found that the creditors still had control over such action.

The exercise of the injunctive power in this case was held to be constitutional when the case came before the supreme court of the United States. *Sub nom. Cole* v. *Cunningham, 133 U. S. 107.*

Margarum v. Moon.

In *Keyser* v. *Rice, 47 Md. 203,* an injunction was supported restraining a creditor, residing in Maryland, from further prosecuting in Piedmont, West Virginia, an attachment by which he sought to recover wages due to his debtor, also residing in Maryland, from the Baltimore and Ohio Railroad Company. In *Snook* v. *Snetzer, 25 Ohio St. 516,* a similar exertion of the injunctive power by a court of equity was approved by the supreme court of Ohio. Creditor and debtor were residents of the State of Ohio. The debtor was the head of a family, and wages due him from the Baltimore and Ohio Railroad Company were garnished in West Virginia. In both cases the proceedings in the foreign jurisdiction were instituted to evade the Exemption law of the state in which creditor and debtor were domiciled.

Mr. High states the doctrine to be that where a creditor and debtor are both citizens and residents in the same state, and the creditor institutes an action of attachment or garnishee proceedings in another state, to reach credits due the debtor there, which would have been exempt from attachment or judicial process under the laws of the state where both parties were domiciled, the creditor may be enjoined from further prosecuting his action in the foreign state, it being regarded as an effort to evade the laws of the state of his domicile. *High Inj.* § *106.* The cases in which the exertion of this injunctive power has been exercised to restrain such proceedings in the foreign jurisdiction, under such conditions, are cited by Mr. High (*High Inj.* § *105*) and by Mr. Waples. *Wapl. Att.* § *743.*

Therefore, where it appears that the resident creditor is prosecuting a proceeding in another state for the purpose of depriving a resident debtor of the benefit of the exemption provided by the law of their domicile, the power of this court to restrain such proceeding seems to be plenary.

But it is said on the part of the creditor that, under attachment suits in this state, wages are not exempt; that only in proceedings to make a debt upon execution issued upon a judgment is the debtor entitled to an exemption of personal property of all kinds to the value of $200. But the fact that the debtor's wages might be attachable in this state, is no answer to the debtor's right to an injunction; for the only way his property

could be reached in this state would be upon an execution, as no attachment can issue against him so long as he remains a *non-absconding* resident in this state. Nor can the wages be reached, under the act of 1901 (*P. L. of 1901 p. 372*), upon an execution, except upon an order that such installment of said wages as a judicial officer shall determine shall be paid from time to time. This judicial discretion is vested in the judge, so that not all the wages shall be garnished and the debtor be at once deprived of his wages, but that, in ease of the debtor and his family, only such portion of the debt shall be paid, from time to time, as will leave the debtor's family unimpoverished. This scheme is quite variant from the one put in operation in West Virginia.

It is also insisted that the complainant is not injured by the attachment, because he can, notwithstanding the pendency of that proceeding, recover his wages from the garnishee.

The point is made that such an action here is not subject to a plea in abatement because of the pendency of such foreign suit.

While an action here will not be abated by the plea of the pendency of an action between the same parties for the same cause of action in another state, yet the domestic action may be stayed or suspended until the foreign action is discontinued. *Kerr* v. *Willitts, 19 Vr. 79.* Where a defendant in such a suit has been subjected to garnishee process, it would be strange if the court would not take cognizance of a proceeding which had already fixed the debt in favor of the attaching creditor. *Wallace* v. *McConnell, 13 Pet. 136, 150.*

The same objection against the injunctions which have been allowed in the cited cases could have been interposed in those cases, but were not; and if they had been, they would have been properly overruled as utterly unsubstantial.

While I have found no answer to the complainant's prayer for injunction in the points already cited, nevertheless I am unable to see how a writ can go, in view of the defendant's sworn statement that he has made an absolute assignment of his claim and has no control over the attachment proceedings being prosecuted in West Virginia.

As this injunction is aimed at the resident creditor, and would

direct him to arrest the prosecution of the foreign action, it follows that it should appear that the prosecution of these proceedings is still under his control. In each case I have examined, where an injunction has been decreed, such was the condition of affairs.

The assignment sworn to in this case seems to confer upon the assignee entire control over the attachment suit. It is, indeed, insisted that the consideration of this assignment, which is set out in the affidavit, shows that it is not really an assignment, but merely a power to collect. Even so, it seems to be a power of attorney, coupled with an interest, which is irrevocable, by the creditor at least, to the extent of the agent's interest in the claim. Therefore, as it presently appears that the defendant sought to be enjoined is powerless to control or arrest the attachment proceedings, no writ commanding him to do so can go.

There is, however, also a prayer that the defendant may be enjoined from receiving any of the money collected in the West Virgina suit.

I am unable to see how an injunction, in these terms, will aid the complainant, unless the restraining order goes further and directs the defendant to assign over to the complainant his right to receive the one-half of what may be collected in the said suit. The restraining order asked for would not prevent a recovery in the attachment proceedings of the whole amount due. A recovery in West Virginia would be a complete bar to another action by the defendant to recover his bill. The injunction restraining him from receiving his share of the money would merely leave the whole, instead of one-half, of the amount collected in the hands of the assignee. And if an order should be made that the one-half should be assigned to the complainant, the defendant would be, apparently, forever stripped of his right to recover any portion of his claim, and thus would be punished for his act of assigning by the entire loss of his credit. An injunction in this case is refused.

In connection with the above case there were tried six other cases, namely, *Hogan* v. *Crooks et al.*, *Murfit* v. *Robbins*, *Has-*

*son* v. *Roche et al.,* *Cappell* v. *Shadinger et al.,* *Prest* v. *White* and *Ayers* v. *Holtz et al.*

In the first five of these cases the facts are similar to those in *Margarum* v. *Moon,* and a decree in each of them will be advised similar to that in the decided case.

In the last case, that of *Ayres* v. *Holt et al.,* the facts are unlike the other cases, in the important particular that the answering affidavit of Mrs. Holz does not deny, but admits, that the defendant's claim was placed in the hands of the Delaware Mercantile Company for collection, and says that she never made any assignment, or pretended assignment, to anyone of the said claim.

The facts in this case bring it within the class of cases in which the remedy prayed for by the complainant has been granted. I think an injunction should go, unless there is substance in the point brought to the attention of the court, that inasmuch as the debt amounts to only $31.40, and so is below the $50 limit, this court will not entertain jurisdiction of the action. But the matter to be enjoined is the garnishment of the wages due to the complainant. Those wages amount to $60, and the inference is that this sum has been impounded, by garnishee process, to await the final judgment of the court in the attachment proceedings. The amount involved, therefore, is over $50. And if the amount of the judgment to be obtained in the attachment proceedings is to be the standard of jurisdiction, there is nothing to show that the debt, interest and costs in the suit will not amount to more than $50.

In this case an injunction will be granted.