MARY J. MENNONNA, ADMINISTRATRIX OF PASQUALE PRESTO, DECEASED, v. PENNSYLVANIA RAILROAD COMPANY.

Decided February 7, 1927.

**Jurisdiction—Similar Case Pending in Federal Court—Case Will Not be Dismissed Here, but Stayed Pending Determination of Action in That Court.**

On motion to dismiss.

For the defendant, *Theodore Strong*.

For the plaintiff, *Salvatore Muti*.

The opinion of the court was delivered by

MINTURN, J. The motion is based upon the fact that a similar action for the same cause between the same parties is pending in the United States Court for this district and has been partly tried therein. Owing to amendment of the pleadings upon the trial the latter court ordered a continuance of the cause, and this suit was thereafter instituted.

An inspection of the pleadings in the two courts shows them to be essentially the same action, although that fact is controverted by counsel for the plaintiff. The motion to dismiss is supported by the decision of this court in *Dengler* v. *Hays*, 63 *N. J. L.* 14, which is based upon the recognized common law rule derived from the civil law. *"Nemo bis vexari, debet pro eadeam causa."* While that rule has

the traditionary force of antiquity to support it, nevertheless, the practice seems to have varied in this jurisdiction. *Fulton* v. *Golden,* 25 *N. J. Eq.* 353; *Kerr* v. *Willetts,* 48 *N. J. L.* 78. It is, however, flatly opposed to what may be called the modern rule as evidenced by the authorities in other jurisdictions. 1 *C. J.* 87, 89, § 128, and cases cited; *Kline* v. *Burke Construction Co.,* 24 *A. L. R.* 1077; *Wilson* v. *Milliken,* 42 *L. R. A.* 449.

In view of the uncertainty as to the established rule of procedure in this jurisdiction, the motion to dismiss will not be granted; but since the suit in the federal court has been partly tried, and the plaintiff has thereby elected to accept that court as his forum, the suit here pending will be stayed until such time as the action in the federal court shall have been legally determined.