163 N.J. Super. 7 (1978)
394 A.2d 132
LUMBERMENS MUTUAL CASUALTY COMPANY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
ESTHER COHEN CARRIERE, DEFENDANT-RESPONDENT, AND NICHOLAS CARRIERE, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1978.
Decided October 12, 1978.
*9 Before Judges LORA, MICHELS and LARNER.
Mr. Raymond J. Lamb argued the cause for appellant (Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys; Ms. Mary B. Rogers, on the brief).
Mr. Steven R. Rubenstein argued the cause for respondent Esther Cohen Carriere (Messrs. Rubenstein & Sherwood, attorneys).
No brief was submitted in behalf of defendant Nicholas Carriere.
The opinion of the court was delivered by MICHELS, J.A.D.
This is an appeal from a judgment of the Law Division dismissing, under principles of comity and without prejudice, a declaratory judgment action instituted by plaintiff Lumbermens Mutual Casualty Company against defendants Esther C. Carriere and Nicholas Carriere. The court held that the pendency of a prior action in the New York courts between the same parties involving the same issues precluded New Jersey courts from proceeding with this action. We disagree and reverse.
A brief recitation of the chronology of events is helpful to a resolution of the issues involved. On May 6, 1969 plaintiff issued an automobile public liability policy of insurance to Mrs. Carriere as the named insured. The policy, providing coverage for a 1969 Ford Galaxy automobile, also insured Mr. Carriere as the spouse of the named insured. The coverage period ran from May 6, 1969 to May 6, 1970. At the time the policy was issued Mrs. *10 Carriere listed her employer as Gage and LaRoy, real estate brokers in Parsippany, New Jersey, and her home address as Paterson, New Jersey. The policy was renewed for another year, commencing May 6, 1970, and in February 1971, while coverage was in force and effect, Mr. Carriere purchased another 1969 Ford Galaxy automobile. The policy was thereafter amended (1) to provide the coverage for the additional automobile and (2) to reflect a change in Mrs. Carriere's residence from Paterson to Newfoundland, New Jersey.
In the early part of 1971 Mr. and Mrs. Carriere moved to West Milford, New Jersey, and, in August 1971, formed a real estate brokerage firm under the name of N. & E. Carriere Realty, Inc. The principal office of the company was located in West Milford, New Jersey, and Mr. Carriere was listed as the broker and Mrs. Carriere as a salesperson. Apparently the policy was amended again to reflect Mrs. Carriere's change of address.
Sometime toward the end of 1972 Mr. and Mrs. Carriere separated as a result of marital discord. They sold one of the 1969 Ford Galaxy automobiles, the policy thereafter being amended to terminate coverage on that automobile. In December 1972 Mr. Carriere purchased a 1973 Ford LTD automobile and arranged for the policy to be amended to provide coverage for it and at the same time to designate him as the named insured in place of Mrs. Carriere. This was accomplished by an appropriate endorsement issued by plaintiff. Thereafter, on or about December 12, 1972, Mr. and Mrs. Carriere settled certain financial matters arising out of their separation and executed an agreement which, in part, provided for the liquidation of Mrs. Carriere's interest in the real estate brokerage firm. On January 7, 1973 Mrs. Carriere moved out of the marital residence and established her home in Brooklyn, New York. She took with her the 1969 Ford Galaxy which was still listed as a covered vehicle on Mr. Carriere's policy.
*11 In June 1972 the New Jersey Automobile Reparation Reform Act (commonly known as the No Fault Law) (N.J.S.A. 39:6A-1 et seq.) was passed by the Legislature. This act required, among other things, that all insurers, including plaintiff, make available to their respective insureds on and after January 1, 1973 basic personal injury protection coverage as specified in N.J.S.A. 39:6A-1 and additional personal injury protection coverage as specified in N.J.S.A. 39:6A-10. In conjunction with this legislation, the Commissioner of Insurance (Commissioner) promulgated a minimum schedule of additional personal injury protection benefits (see N.J.A.C. 11:3-7.3) and required all insurers to notify their respective insureds of the availability of this new coverage. In accordance therewith plaintiff notified Mr. Carriere in writing of the promulgation of the new law and the options available to him for additional personal injury protection coverage. On or about January 16, 1973 plaintiff issued to Mr. Carriere a New Jersey Additional Personal Injury Protection Endorsement (Additional PIP) which provided additional loss of income benefits of $400 weekly, with a maximum total of $41,600, and additional essential service benefits of $20 a day, with a maximum total of $14,600. The Additional PIP endorsement attached to and forming part of Mr. Carriere's policy provided coverage to "(1) the named insured and his spouse if a resident of the same household."
On March 29, 1973 Mrs. Carriere was involved in an accident in Brooklyn, New York, while driving the 1969 Ford Galaxy, sustaining serious personal injuries as a result. She made claim for income continuation benefits under the Additional PIP endorsement attached to and forming part of Mr. Carriere's policy. Plaintiff denied liability and refused to pay any benefits to Mrs. Carriere, contending that she was not a resident of the same household as the named insured and did not sustain any loss of income because she was not employed at the time of the accident. Mrs. Carriere thereupon instituted suit against plaintiff in the Civil Court of the City of New York to recover income continuation benefits *12 under the endorsement, and on July 3, 1974 recovered a judgment in the total sum of $10,551. Plaintiff paid the judgment in full and thereafter continued to pay Mrs. Carriere income continuation benefits of $400 weekly until April 15, 1975, by which time it had paid her a total of $41,600  the maximum benefits provided by the endorsement.[1]
Thereafter, on August 28, 1975 Mrs. Carriere instituted a second suit against plaintiff in the Civil Court of the City of New York, seeking to recover income continuation benefits that allegedly accrued to her from April 15, 1975 until the complaint was filed, amounting to $8,322.38. She claimed in this suit that plaintiff had failed to provide her with an option to obtain such additional benefits for as long as her disability persisted, as required by both N.J.S.A. 39:6A-10 and the regulations promulgated by the Commissioner.
On February 27, 1976, while the second suit was still pending in the New York courts, plaintiff instituted this action in the Law Division, seeking a declaration that N.J.S.A. 39:6A-4, N.J.S.A. 39:6A-10 and the rules and regulations promulgated by the Commissioner did not obligate it to make any further income continuation benefit payments to Mrs. Carriere. Thereafter, on February 2, 1977, plaintiff moved for leave to file an amended complaint seeking a judicial declaration that it was under no liability under either the new act or the regulations to make further income continuation payments to Mrs. Carriere. Plaintiff also contended that Mrs. Carriere was not entitled to reformation of the policy to provide the requested coverage because she (1) was not the named insured and (2) was guilty of fraud and *13 misrepresentation when she represented to the New York court that she was employed at the time of the accident and lost income by reason thereof. After protracted argument extending over several days the trial judge denied plaintiff's motion to amend the complaint, determining to defer to the pending New York action for reasons of comity, except to the extent that the New York court might refer an issue in that action to the courts of this state for adjudication. Plaintiff immediately moved to advance the case on the trial calendar, at which time the trial court, following argument and on its own motion, dismissed the action without prejudice for reasons of comity because of the pending prior New York action. Plaintiff appealed.[2]
It has long been settled in this State that the pendency of a suit between the same parties and for the same or a substantially similar cause of action in another state is no bar to the prosecution of a subsequent suit in this State. Fairchild v. Fairchild, 53 N.J. Eq. 678, 681-682 (E. & A. 1895); Kerr v. Willetts, 48 N.J.L. 78, 79-80 (Sup. Ct. 1886); Mennonna v. Penna. R.R. Co., 5 N.J. Misc. 233 (Sup.Ct. 1927); Greenberg v. Greenberg, 11 N.J. Super. 582, 595-596 (Ch. Div. 1951). See also Fulton v. Golden, 25 N.J. Eq. 353 (Ch. 1874). The rationale underlying the rule was set forth in Kerr v. Willetts, supra, as follows:
The want of conclusiveness of the judgment is not the reason assigned why a prior suit in a foreign jurisdiction shall not abate another.
*14 The true reason is that every country is sovereign and unrestricted in its powers  legislative, judicial and executive  and hence does not acknowledge the right of any other nation to hinder its own sovereign acts and proceedings. If the suit is abated here, it may be that no adequate remedy can be had in the other jurisdiction. We do not know the mode of trial there, the rules of evidence, the statutes pertaining to limitation or usury, or what kind of judgment and satisfaction will be had, or whether, if satisfaction can be had, it may not be upon terms inimical to the policy of our laws. Duty to its citizens forbids that a state shall send the suitor out of its own jurisdiction, and constrain him to seek justice elsewhere.
The plea in abatement, if it prevails, ends the suit. To constitute such a bar, the prior suit must not only be between the same parties, for the same cause of action, but it must also be in the same jurisdiction. The pending suit in the foreign jurisdiction may furnish ground for staying the suit here, or the court, in the exercise of a wise discretion, may refuse to permit final judgment until the foreign suit is discontinued, but that question is not now presented.
See also, 1 C.J.S. Abatement and Revival § 65 at 98-99.
The remedy that a party has where subsequent litigation concerning the same subject becomes vexatious is to request that the court in which the subsequent suit is brought stay the proceedings or refuse final judgment until the prior suit has been determined. The granting of such an application rests, of course, in the sound discretion of the trial court. Fairchild v. Fairchild, supra; Gosschalk v. Gosschalk, 48 N.J. Super. 566, 579 (App. Div. 1958), aff'd 28 N.J. 73 (1958), and Greenberg v. Greenberg, supra. See generally, Annotation, "Stay of Civil Proceedings Pending Determination of Action in Another State or Country," 19 A.L.R.2d 301 (1951).
In light of the settled law of this State it is perfectly clear that the pendency of the New York suit between plaintiff and Mrs. Carriere did not bar the prosecution of this subsequent declaratory judgment action. While the trial court possessed the inherent power to stay the prosecution of the action or to refuse to permit the entry of final judgment thereon pending determination of the New York suit, it erroneously dismissed the action on the ground of the pendency of the New York suit, albeit the dismissal was *15 without prejudice. Accordingly, the judgment dismissing the complaint must be reversed.
In view of the foregoing it is apparent that the trial judge's denial of plaintiff's motion to amend the complaint on the ground that the action was barred by the pending New York suit also was erroneous. Moreover, we are satisfied from our review of the record submitted that the motion to file the amended complaint should have been granted, and that the trial judge's failure to do so constituted a mistaken exercise of discretion and must be reversed. We must not lose sight of the fact that our rules of court expressly require in connection with such applications that leave of court should "be freely given in the interests of justice." R. 4:9-1; Jersey City v. Hague, 18 N.J. 584, 602-603 (1955); Wm. Blanchard Co. v. Beach Concrete Co., Inc., 150 N.J. Super. 277, 299-300 (App. Div. 1977), certif. den. 75 N.J. 528 (1977).
Accordingly, the order denying plaintiff's motion to file the amended complaint is reversed and the plaintiff is granted leave to serve and file the amended complaint forthwith. The granting of this motion, however, is without prejudice to defendants' right to assert any defenses they may have that (1) the action is barred by the doctrine of res judicata, or (2) plaintiff is barred from relitigating any issues therein, such as fraud and misrepresentation, by virtue of the doctrine of collateral estoppel.
Finally, since we have permitted the filing of an amended complaint raising new issues of fraud and misrepresentation, there should be no impediment to the right of plaintiff to take the deposition of Mrs. Carriere pursuant to the applicable rules.
Accordingly, the judgment dismissing the complaint without prejudice and the order denying plaintiff's motion to amend the complaint are reversed and the matter is remanded to the trial court for further proceedings consistent with the views expressed in this opinion. We do not retain jurisdiction.
NOTES
[1] On or about June 17, 1976 plaintiff moved to vacate the July 3, 1974 New York judgment recovered by Mrs. Carriere on grounds of newly discovered evidence, fraud and misrepresentation. The Civil Court denied the motion, holding that a timely investigation prior to the entry of judgment would have revealed the new evidence. This denial was affirmed by the Appellate Division of the Supreme Court of New York.
[2] We were advised by counsel at oral argument that while this appeal was pending the second New York action was settled without prejudice to either party. Plaintiff agreed to pay Mrs. Carriere $8,322.38  the amount claimed due as of August 28, 1975 with interest. Immediately thereafter, Mrs. Carriere instituted a third suit against plaintiff in the Supreme Court of the State of New York to recover further income continuation benefits allegedly accruing since August 28, 1975 amounting to $55,098.67. Plaintiff removed that suit to the United States District Court for the Southern District of New York, where it is presently pending.