656 A.2d 1312

JANIS G. SCHULMEISTERS, PLAINTIFF, v. VIZBULITE
I. SCHULMEISTERS, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Bergen County

Decided March 5, 1993.

218

*Janis G. Schulmeisters*, plaintiff, *pro se*.
*Jeffrey F. Dragon*, for defendant.

KRAFTE, J.S.C.

Plaintiff files this motion for partial summary judgment in an attempt to obtain a divorce without settling all of the ancillary issues which normally accompany a divorce action. In point of fact, this is a motion for complete summary judgment because the only issue which the New Jersey courts may address is the divorce itself, the ancillary issues being beyond this court's jurisdiction. Defendant cross-moves to dismiss plaintiff's complaint and for counsel fees. This court has examined the papers filed by the parties and relevant authority applicable to this case and finds that this court will not interfere with a continuing New York action for divorce which can provide the parties with full and complete relief as to *all* issues arising in this action, including the divorce, equitable distribution, and any possible alimony award.

It is factually uncontroverted that the defendant instituted a divorce action in the State of New York. The plaintiff retained

New York counsel, filed an answer, and "willingly participated in all discovery." Accordingly, the plaintiff voluntarily submitted to the jurisdiction of the State of New York, such as granted that state complete *in personam* jurisdiction to make all necessary determinations including alimony and equitable distribution. However, plaintiff herein became dissatisfied with the progress in New York, and after some two years instituted suit in New Jersey.

The Full Faith and Credit Clause of the United States Constitution comes into play, and reads as follows:

Full Faith and Credit shall be given in each state to the Public Acts, Records and Judicial *Proceedings* of every other state. . . .

[*U.S. Const.,* Art. IV, § 1 (emphasis added).]

The defendant is a bona fide resident and domiciliary of the State of New York. Without question, New York has *in rem* jurisdiction to grant the divorce. Plaintiff's active participation and submission to the jurisdiction of the courts of that state effectively act to convert *in rem* to *in personam* jurisdiction.

■ Therefore, the New York proceeding has time priority in becoming the legal and proper forum to proceed with the entire case, and the defendant should be free from "vexation and subsequent litigation over the same subject matter" in New Jersey or elsewhere. *Crosley Corp. v. Hazeltine Corp.,* 122 *F.*2d 925, 930 (3rd Cir.1941); *Squitieri v. Squitieri,* 196 *N.J.Super.* 76, 82, 481 *A.*2d 585 (Ch.Div.1984).

■ Further, it is clear that New Jersey merely has *in rem* jurisdiction enabling this state to grant a divorce but not ancillary relief. It is also equally clear that this is only what plaintiff seeks in New Jersey. If this were granted, this would not only fly in the face of the aforesaid constitutional provision, but would, in effect, perform a bifurcation of another state's case, which this court in this state has no legal basis for doing. *Cf. Leventhal v. Leventhal,* 239 *N.J.Super.* 370, 571 *A.*2d 348 (Ch.Div.1989). The plaintiff would not be entitled to a bifurcation in this case even if this were a New Jersey case, and all the potential problems cited in *Leven-*

*thal* exist in this case. *Ibid.* Plaintiff would have the divorce he wants while leaving defendant to deal with the financial aspects of the case with there being "much less incentive for plaintiff to finalize any other issues." *Id.* at 377, 571 *A.*2d 348.

■ In addition to the Full Faith and Credit Clause, there are questions of comity which must be addressed. "Comity is the 'basis for voluntary enforcement or recognition by one state of the judicial proceedings of a sister state.' *Philadelphia v. Austin,* 86 N.J. [55] at 63–64 [429 *A.*2d 568] [ (1981) ] . . . ." *Breeden v. N.J. Dept. of Corrections,* 258 *N.J.Super.* 252, 257, 609 *A.*2d 483 (App.Div.1992). It is inconsistent with inter-state harmony to allow courts in other states to control the prosecution of a case instituted in a sister state. Courts which first obtain jurisdiction of a case should ordinarily be allowed to finally adjudicate that cause without interference from courts of other states. *Abney v. Abney,* 176 *Ind.App.* 22, 374 *N.E.*2d 264 (1978), *cert. denied,* 439 *U.S.* 1069, 99 *S.Ct.* 836, 59 *L.Ed.*2d 34 (1979). The Supreme Court of New Jersey held in *O'Loughlin v. O'Loughlin,* 6 *N.J.* 170, 78 *A.*2d 64 (1951), *cert. denied,* 346 *U.S.* 824, 74 *S.Ct.* 42, 98 *L.Ed.* 350 (1953):

> Considerations of comity forbid interference with the prosecution of a proceeding in a foreign jurisdiction capable of affording adequate relief and doing complete justice, unless there be a special equity sufficient in conscience to stay the hand of the defendant. The question is not the existence of the power but the propriety of its exercise in the given case. The rule of comity is grounded in the policy of avoiding conflicts of jurisdiction, unless upon strong grounds, and the general principle that the court which first acquires jurisdiction of the issue has precedence. *Home Insurance Co. v. Howell,* 24 N.J.Eq. 238 (Ch. 1873); *New Jersey Zinc Co. v. Franklin Iron Co.,* 29 N.J.Eq. 422 (Ch.1878); *Margarum v. Moon,* 63 N.J.Eq. 586 [53 *A.* 179] (Ch.1902); *Von Bernuth v. Von Bernuth,* 76 N.J.Eq. 177 [74 *A.* 252] (Ch.1909); *Bigelow v. Old Dominion Copper Mining and Smelting Co.,* 74 N.J.Eq. 457 (Ch.1908); *Lehigh Valley R.R. Co. v. Andrus,* 91 N.J.Eq. 225 [109 *A.* 746] (Ch.1920); *Caruso v. Caruso,* 103 N.J.Eq. 487 [143 *A.* 771] (Ch.1928); *Prudential Insurance Co. v. Merritt–Chapman & Scott Corp.,* 112 N.J.Eq. 179 [163 *A.* 894] (Ch.1933).

[*Id.* at 179, 78 *A.*2d 64; *see Light v. Granatell,* 171 *N.J.Super.* 557, 563, 410 *A.*2d 266 (App.Div.1979).]

In *Gosschalk v. Gosschalk,* 48 *N.J.Super.* 566, 138 *A.*2d 774 (App.Div.), *aff'd,* 28 *N.J.* 73, 145 *A.*2d 327 (1958), the Appellate

Division further expanded this, noting that "the granting of the stay is discretionary with the trial court, limited only by special equities showing abuse of discretion in that injustice would be perpetrated on the one seeking the stay, and no hardship, prejudice or inconvenience would result against the one whom it is sought." 48 *N.J.Super.* at 579, 138 *A.*2d 774. Thus:

> The remedy that a party has where subsequent litigation concerning the same subject becomes vexatious is to request that the court in which the subsequent suit is brought stay the proceedings or refuse final judgment until the prior suit has been determined. The granting of such an application *rests, of course, in the sound discretion of the trial court. Fairchild v. Fairchild, supra* [53 *N.J.Eq.* 678, 34 *A.* 10 (E. & A. 1895) ]; *Gosschalk v. Gosschalk,* 48 *N.J.Super.* 566, 579 [138 *A.*2d 774] (App.Div.1958), aff'd 28 N.J. 73 [145 *A.*2d 327] (1958), and *Greenberg v. Greenberg, supra* [11 *N.J.Super.* 582, 78 *A.*2d 723 (Ch.Div.1951) ]. See generally, Annotation, "Stay of Civil Proceedings Pending Determination of Action in Another State or Country," 19 *A.L.R.*2d 301 (1951).
>
> [*Lumbermens Mutual Cas. Co. v. Carriere,* 163 *N.J.Super.* 7, 14, 394 *A.*2d 132 (App.Div.1978) (emphasis added).]

■ Applying the facts of this case to the applicable law, the court must engage in the analysis set forth above. There is a New York proceeding which has acquired jurisdiction with precedence over this New Jersey proceeding. The New York court is "capable of affording adequate relief and doing complete justice" to these parties. In fact, New Jersey cannot do complete justice because it has only *in rem* jurisdiction to grant the divorce.

■ The next step in the analysis requires that this court look to see whether there exists a "special equity" sufficient to stay the hand of the defendant. This court finds that no such special equities exist. Plaintiff alleges that the New York divorce has already taken more than two years and that the defendant has been "dragging out" the action. These are not special equities. New York is a competent sister state and is fully capable of dealing with recalcitrant parties. Further, this court is not in any position to condemn another state's procedures and time schedules as a special equity, especially since there is not the slightest proof that the New York action is not proceeding under local and accepted practice and will not reach trial in the ordinary course. *Gosschalk, supra,* 48 *N.J.Super.* at 579, 138 *A.*2d 774 (Francis, J.,

dissenting). Even in *Gosschalk*, the court merely held that the trial court did not abuse its discretion in divorcing a couple while there was a four year divorce action pending in a foreign country.

To permit plaintiff to proceed as he suggests would create utter chaos in the interstate aspects of divorce. It is difficult enough to deal with such interstate problems when two states merely have legitimate *in rem* jurisdiction, let alone when one has coincident *in personam* jurisdiction. When one state has both types of jurisdiction, and is concurrently the state with time priority, all legal and rational thinking calls for exclusive proceedings in that state.

Accordingly, defendant's application to dismiss the complaint is granted. Plaintiff's motion for partial summary judgment is denied. Defendant's application for counsel fees is denied.