241 N.J. Super. 268 (1990)
574 A.2d 1018
COGEN TECHNOLOGIES NJ VENTURE; MCNAIR ENERGY SERVICES CORPORATION; AND CEA BAYONNE, INC., PLAINTIFFS-APPELLANTS,
v.
BOYCE ENGINEERING INTERNATIONAL INC.; NEW JERSEY STATE BOARD OF PROFESSIONAL ENGINEERS AND LAND SURVEYORS AND STATE OF NEW JERSEY, DEPARTMENT OF LAW AND PUBLIC SAFETY, DIVISION OF CONSUMER AFFAIRS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1990.
Decided May 30, 1990.
*270 Before Judges MICHELS, DEIGHAN and R.S. COHEN.
William W. Robertson argued the cause for appellants Cogen Technologies NJ Venture and CEA Bayonne, Inc. William J. Wolf argued the cause for appellants McNair Energy Services Corporation (Hannoch Weisman, and Bathgate, Wegener, Wouters & Neumann, attorneys; William W. Robertson, William J. Wolf and Michael M. DiCicco on the joint brief).
Richard D. Shapiro argued the cause for respondent Boyce Engineering International, Inc. (Hellring Lindeman Goldstein Siegal Stern & Greenberg, attorneys, Richard D. Shapiro and Jeffrey Speiser on the brief).
The opinion of the court was delivered by COHEN, R.S., J.A.D.
Plaintiffs commenced this declaratory judgment action in an attempt to resolve a question of New Jersey law which they thought dispositive of a law suit they were involved in as defendants in a Texas court. Plaintiff Cogen is a New Jersey joint venture of a variety of corporations, which constructed a cogeneration plant in Bayonne. Plaintiff McNair is a Texas corporation which signed an agreement in 1983 with Boyce Engineering International, Inc. (BEI), a Texas corporation, whose subject was their future participation in the design, construction and ownership of cogeneration facilities. Whether BEI did or did not contribute to the design and construction of the Bayonne plant is a matter of factual dispute.
In September 1986, BEI started an action in Texas against Cogen, CEA Bayonne and other related and unrelated parties, for malicious interference, and against McNair and others for a *271 number of different remedies, clustered around an alleged breach of contract and fraud. It all arose out of BEI's contention that it had the right under the 1983 agreement and a 1984 supplemental understanding to participate in the Bayonne project, and that it was wrongfully cut out by defendants. BEI sought compensatory damages, an accounting, a constructive trust, punitive damages and attorneys' fees.
Among other things, Cogen and McNair took the position in the Texas action that BEI's proposed role in the New Jersey project was the provision of engineering services, that BEI and its principal, Dr. Meherwan P. Boyce, were not licensed in New Jersey to perform engineering services, that the contract was therefore unlawful as applied to a New Jersey project, and that BEI could not therefore seek damages or other relief depending on rights created by the contract.
Cogen, McNair and others moved for summary judgment in the Texas action on their illegal-contract thesis. On January 23, 1989, the trial court denied the motion. It did not announce its reasons.
Plaintiffs then started this action, in April 1989, for a declaratory judgment. Defendants are BEI, the New Jersey State Board of Professional Engineers and Land Surveyors, and the Division of Consumer Affairs. Those agencies have not participated. Other parties in the Texas action were not joined as parties here. Plaintiffs sought a declaration that BEI has practiced or offered to practice professional engineering in New Jersey without being licensed, and that the agreement is therefore void and unenforceable as applied to the Bayonne project. BEI moved to dismiss the complaint on the strength of the existence of the Texas action. At the time, a trial was scheduled in the Texas action for the fall of 1989. The motion was granted and the New Jersey action dismissed without prejudice by Hon. Joseph T. Ryan, for reasons contained in an oral opinion delivered on the record on June 2, 1989. Plaintiffs *272 promptly appealed to this court and unsuccessfully moved for summary disposition.
The Texas matter was partially tried in November 1989. According to a January 11, 1990, judgment, BEI won a judgment against McNair for some $30 million plus attorneys' fees of $2.5 million. It recovered nothing against Robert McNair and Cogen Technologies NJ Inc., one of the corporate joint venturers that make up plaintiff Cogen in the present case. Counterclaims against BEI were dismissed. We are advised that the trial disposed of BEI's contract claims but not its malicious interference claims against a number of parties, and that the losing defendants intended to make post-trial motions and, if necessary, to appeal. We are also advised that defendants again moved at trial to dismiss BEI's contract claims on the ground of contract illegality, and that the motion was denied.
Our thorough review of the matter convinces us that Judge Ryan's decision to dismiss the New Jersey action was correct for substantially the right reasons. We therefore affirm substantially for the reasons he stated in his oral opinion of June 2, 1989. We add only the following brief comments.
The pendency of a suit between the same parties involving the same or a substantially similar cause of action in another state does not bar prosecution of a subsequent suit here. However, the subsequent suit may, as a matter of discretion, be stayed until the prior suit has been determined. Lumbermens Mutual Casualty Co. v. Carriere, 163 N.J. Super. 7, 14, 394 A.2d 132 (App.Div. 1978).
The issue is one of comity, and not want of jurisdiction. A court having jurisdiction has the authority to refuse to proceed in a vexatious law suit focusing on a matter already proceeding in the courts of another state. We do not distrust the proceedings of the courts of our sister states as we once did. See e.g., Kerr v. Willetts, 48 N.J.L. 78, 2 A. 782 (Sup.Ct. *273 1886). It has become necessary and commonplace in a national economy for courts to interpret and enforce the laws of other jurisdictions. In these circumstances, there is ordinarily no reason to entertain subsequent local litigation paralleling an already instituted action in another state. And this is so whether the later New Jersey action is brought by plaintiff or defendant in the earlier case:
Under all these circumstances, our proper course under comity principles is not to exercise jurisdiction but to adhere to the general rule that the court which first acquires jurisdiction has precedence in the absence of special equities.
Yancoskie v. Delaware River Port Authority, 78 N.J. 321, 324, 395 A.2d 192 (1978).
Unlike Carriere, Yancoskie dismissed the subsequent New Jersey suit. The dismissal was subject, however to the opinion's final sentence:
If the Pennsylvania action is not adjudicated on the merits, the plaintiffs will have leave to petition to reopen our present determination. [Id. at 324, 395 A.2d 192].
Cf. Devlin v. National Broadcasting Co., Inc., 47 N.J. 126, 131, 219 A.2d 523 (1966). New Jersey courts need not defer to an earlier filed suit that seems unlikely to reach prompt determination, as, for instance, a foreign divorce suit that remains untried after four years. Gosschalk v. Gosschalk, 48 N.J. Super. 566, 138 A.2d 774 (App.Div.), aff'd 28 N.J. 73, 145 A.2d 327 (1958).
The "special equity" claimed by plaintiffs to require New Jersey courts to exercise their jurisdiction in this case is the role of New Jersey law in the determination of the Texas claims. Plaintiffs say the Texas action is based on a contract illegal and unenforceable in New Jersey because performance by BEI on the Bayonne project would require BEI to provide unlicensed professional engineering services. If those services had actually been performed, contrary to plaintiffs' allegations, or if there were anything to plaintiffs' assertions of dangers from unlicensed designs, not only to structures but to legal principles, the case might be different. The fact, however, is that there has been, according to plaintiffs, no unlicensed *274 design work performed, and the interpretation by a Texas court of the enforceability of the parties' contract affects only the parties, and has no effect at all on the law of New Jersey.
Countervailing factors supporting Judge Ryan's decision are: (1) plaintiffs commenced this action two and one-half years after the Texas complaint was filed and only after losing their motion for summary judgment which was based on contract illegality grounds, (2) there is a misalignment of parties in the two actions, and we cannot tell from what is before us what if any preclusive effect a New Jersey court ruling would have on the numerous Texas court parties, (3) the Texas court may well have ruled before and at trial on the validity of plaintiffs' illegality defense, perhaps on the same issues that would be resolved in the action here, but perhaps on other procedural or substantive grounds material to the Texas proceeding which would moot a decision on the question posed by plaintiffs to the New Jersey court.
All in all, prosecution of the New Jersey action is unnecessary either for the vindication of New Jersey's authority over local engineering practice, or local economic events, or for the protection of the parties' rights. There were no special equities taking this case out of the general rule of Yancoskie. It was therefore properly shut down by Judge Ryan. As in Yancoskie, there will be an opportunity for plaintiffs to apply to reopen the dismissal if future events in the Texas courts indicate that such an application would have merit.
Affirmed.