765 A.2d 247 (2001)
336 N.J. Super. 450
Lawrence BASS, Trustee under the will of Henry Bass, on behalf of himself and all others similarly situated, Plaintiff-Appellant,
v.
Lodewijk J.R. DeVINK, Robert N. Burt, Donald C. Clark, John A. Georges, William H. Gray, III, William R. Howell, Lasalle D. Leffall, Jr., George A. Lorch, Alex J. Mandl, Michael I. Sovern, Warner-Lambert Co., and American Home Products Corp., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 2000.
Decided January 19, 2001.
*248 Michael G. Brautigam, Cincinnati, OH, argued the cause for appellant (Steven P. Lombardi, attorney, and on the brief and Gene Mesh and Associates, Mr. Brautigam and Lawrence Allen Zeinner, of counsel).
Elizabeth J. Sher, argued the cause for respondents Warner-Lambert Co., DeVink, Burt, Clark, Georges, Gray, Howell, Leffall, Lorch, Mandl, and Sovern (Pitney, Hardin, Kipp & Szuch, Morristown, attorneys; Ms. Scher, on the brief, and Wachtell, Lipton, Rosen & Katz, New York City, of counsel.)
Donald A. Robinson, argued the cause for respondent American Home Products Corporation (Robinson, Lapidus & Livelli, Newark, attorneys; Mr. Robinson, on the brief, and Simpson, Thacher & Bartlett, New York City, of counsel).
Before Judges BAIME, WALLACE[1], and LINTNER.
The opinion of the court was delivered by BAIME, P.J.A.D.
Plaintiff, on behalf of all Warner-Lambert Co. shareholders, brought this action in the Chancery Division, seeking to enjoin a merger between Warner-Lambert and American Home Products Corp. Following the Chancery Division's order staying the action pending disposition of first-filed, parallel litigation in Delaware, plaintiff asked the court to dismiss his complaint. The Chancery Division granted plaintiff's request. Plaintiff now appeals, contending that entry of the stay constituted an abuse of discretion. We disagree and affirm.

I.
On November 3, 1999, Warner-Lambert and American Home Products agreed to merge. The proposed merger was announced publicly the next day. Within hours of the announcement, Pfizer, Inc. made an unsolicited announcement of its intention to acquire Warner-Lambert.
On November 4, 1999, Pfizer filed suit in the Delaware Chancery Court, seeking to enjoin the proposed merger, and to eliminate provisions in the merger plan for termination fees and cross-options. Beginning the same day and continuing for the next two weeks, thirty-nine Warner-Lambert shareholders brought thirty-six separate class action suits in Delaware, advancing the same claims and causes of action alleged in the Pfizer pleadings. Sixteen of these complaints were filed before plaintiff commenced this action.
On November 5, 1999, plaintiff filed his complaint in the Chancery Division. Plaintiff sought to enjoin the proposed merger, and demanded damages, costs and attorneys' fees. Named as defendants were Warner-Lambert, its directors, and American Home Products.
Plaintiff's claims and those in the Delaware litigation are identical. It is asserted in both instances that Warner-Lambert directors breached their fiduciary duties by (1) failing adequately to consider entering into a business combination with Pfizer, (2) agreeing to the termination fee and cross-options in the merger agreement with American Home Products, and (3) attempting to entrench themselves as officers and directors. Both seek injunctive relief against the consummation of the merger, a declaration that the directors breached their fiduciary duties, recission of the termination fees provision, damages, costs and attorneys' fees.
The Delaware Chancery Court immediately consolidated all of the Delaware actions, and instructed the attorneys "to ensure that no duplication of effort or unnecessary expense [occurs]." The Delaware shareholders are represented by forty-six separate law firms. It is fair to say that several of the nation's most prominent and highly experienced shareholder *249 litigation firms have been assigned leadership roles in the consolidated actions. The representative plaintiffs include institutional shareholders with substantial holdings.
On November 19, 1999, the Delaware Chancery Court ordered coordinated, expedited discovery. Discovery proceeded rapidly. By December 30, 1999, notices to produce resulted in the exchange of some 147,100 pages of documents, interrogatories were served, and numerous depositions were taken.
In contrast, plaintiff first moved for expedited discovery on December 2, 1999. Defendants cross-moved for a stay or dismissal of the complaint. On January 7, 2000, Judge MacKenzie entered a stay pending final judgment in the Delaware litigation. In his accompanying written opinion, the judge reasoned that the Delaware Chancery Court first acquired jurisdiction and thus had precedence absent special equities. The judge stressed that the same factual and legal claims existed in both the instant suit and in the Delaware litigation, and that the parties were the same. The judge also determined that the litigation was national, and even international, in scope and import, with shareholders in all parts of the world. The judge concluded that, although both Warner-Lambert and American Home Products had a strong "presence" in New Jersey, the subject of the litigation had no particular New Jersey nexus.
We add the following facts for the sake of completeness. On February 7, 2000, it was announced that the merger agreement between Warner-Lambert and American Home Products was terminated. On the same date, Warner-Lambert and Pfizer announced that they had entered into a merger agreement. The litigation between Pfizer, Warner-Lambert and American Home Products has been dismissed. The shareholder litigation nevertheless remains pending in the Delaware Chancery Court. We are told that issues remain outstanding in the Delaware litigation, and thus this appeal is not moot.

II.
We first note our serious reservations concerning whether this appeal is properly before us. The order staying plaintiff's action was obviously interlocutory. Such interlocutory adjudications are appealable only on leave granted pursuant to R. 2:5-6. Granting leave is within our exclusive authority as an exercise of our discretion "in the interest of justice." R. 2:2-4. It is the exclusive prerogative of this court to determine whether extraordinary circumstances are present warranting a piecemeal appeal. See, e.g., Fu v. Fu, 309 N.J.Super. 435, 439-40, 707 A.2d 473 (App.Div.), appeal granted, 155 N.J. 585, 715 A.2d 988 (1998); Hallowell v. American Honda Motor Co., 297 N.J.Super. 314, 318, 688 A.2d 110 (App.Div.1997); DeFelice v. Beall, 274 N.J.Super. 592, 595 n. 1, 644 A.2d 1136 (App.Div.), certif. denied, 138 N.J. 268, 649 A.2d 1288 (1994); Kurzman v. Appicie, 273 N.J.Super. 189, 191-92, 641 A.2d 566 (App.Div.1994); Procanik v. Cillo, 226 N.J.Super. 132, 143 n. 4, 543 A.2d 985 (App.Div.), certif. denied, 113 N.J. 357, 550 A.2d 466 (1988); DiMarino v. Wishkin, 195 N.J.Super. 390, 395-96, 479 A.2d 444 (App.Div.1984).
Plaintiff sought to bypass these procedures by obtaining a dismissal of his complaint. It is axiomatic, however, that a party cannot appeal from a judgment or order to which he consented. See, e.g. Winberry v. Salisbury, 5 N.J. 240, 255, 74 A.2d 406 (1950); De Angelis v. Rose, 320 N.J.Super. 263, 281, 727 A.2d 61 (App.Div. 1999); Infante v. Gottesman, 233 N.J.Super. 310, 318, 558 A.2d 1338 (App.Div. 1989). Beyond this, our calendar is not subject to a party's whim. We have dismissed appeals in similar circumstances. See Riley v. New Jersey Bell Telephone Co., 213 N.J.Super. 343, 346-47, 517 A.2d 468 (App.Div.1986).
*250 We nevertheless choose to decide this appeal on its merits. The questions presented have been extensively briefed. Had plaintiff moved for leave to appeal, we might have granted that application to insure that the stay order would not elude appellate review. In light of these facts, we will put this procedural irregularity aside and resolve the issues presented.

III.
We are satisfied that Judge MacKenzie conscientiously and properly exercised his discretion in staying the New Jersey action. We affirm the Chancery Division's order essentially for the reasons expressed by Judge MacKenzie in his written opinion.
Applying principles of comity, we have long adhered to the general rule that the court first acquiring jurisdiction has precedence absent special equities. See, e.g., Yancoskie v. Delaware River Port Authority, 78 N.J. 321, 324, 395 A.2d 192 (1978); Cogen Technologies v. Boyce Engineering Int'l, Inc., 241 N.J.Super. 268, 272, 574 A.2d 1018 (App.Div.), certif. denied, 122 N.J. 358, 585 A.2d 368 (1990). This principle has particular efficacy, and takes on added urgency, in light of the nationalization and globalization of our economy. Respect for our sister states and the strong public policy in favor of marshaling judicial resources require abstention in these circumstances. "There is ordinarily no reason to entertain subsequent local litigation paralleling an already instituted action in another state." Cogen Technologies v. Boyce Engineering Int'l, Inc., 241 N.J.Super. at 273, 574 A.2d 1018. An action may, "as a matter of sound discretion," be stayed by a court until the prior litigation has been adjudicated. American Home Products Corp. v. Adriatic Ins. Co., 286 N.J.Super. 24, 33, 668 A.2d 67 (App. Div.1995). We are obliged to sustain the trial court's exercise of its discretionary power absent a clear showing that such authority has been abused. Gosschalk v. Gosschalk, 48 N.J.Super. 566, 579, 138 A.2d 774 (App.Div.), aff'd, 28 N.J. 73, 145 A.2d 327 (1958).
In American Home Products Corp. v. Adriatic Ins. Co., 286 N.J.Super. 24, 668 A.2d 67, we discussed the appropriate conceptual framework for analyzing questions of this kind. We said that the defendant bears the initial burden of establishing three predicate facts: (1) there is a first-filed action in another state, (2) both cases involve the same parties, the same claims, and the same legal issues, and (3) the plaintiff will have the opportunity for adequate relief in the prior jurisdiction. Id. at 37, 668 A.2d 67. Once these requisites are satisfied, the defendant enjoys a "clear entitlement to comitystay relief." Ibid. The burden then shifts to the plaintiff. The plaintiff can defeat the defendant's entitlement only by demonstrating that "special equities" exist, and that they are sufficiently compelling to allow the action to proceed. Ibid.
Against that backdrop, defendants established: (1) the Delaware litigation commenced prior to the instant action, (2) the Delaware and New Jersey suits are identical, and (3) as a putative party in the Delaware case, plaintiff has the opportunity for adequate relief in the prior jurisdiction. We reject plaintiff's claim that the Delaware suit was not first filed in a "meaningful sense." We see no need to evaluate exactly how "meaningful" the earlier filing was. The chronological fact of a prior filing is incontrovertible.
We perceive no sound reason to replace the first-filed standard with a nebulous "meaningfully first-filed" test, as plaintiff contends. Adoption of plaintiff's position would needlessly complicate a straightforward principle of sound judicial administration. As argued by defendants, where a foreign action is already pendingwhether for one day or one yearit does not make sense for New Jersey courts to plow the same row over again. Cases that present concerns over frivolous or vexatious forum-shopping in the original *251 forum may be dealt with under the rubric of special equities that call for continuation of the New Jersey action.
In any event, we need decide only the case before us. The specter of an unseemly race to the courthouse is misplaced in this case. Plaintiff filed his complaint the morning after the Warner-Lambert-American Home Products merger was announced. Clearly, he is in no position to accuse others of undue haste. Moreover, without denigrating plaintiff's interest in bringing this action, we would be myopic were we to fail to note Pfizer's superior interest in commencing suit in Delaware. The proof is in the puddingall institutional shareholders having significant holdings in Warner-Lambert chose to follow Pfizer's lead and commence actions in Delaware. In common parlance, that is where the money is.
We discern no special equities militating in favor of continuing the instant action. As Judge MacKenzie noted, the subject of this case is national and international in scope and import. Although Warner-Lambert and American Home Products have a strong presence in New Jersey, the subject of the litigation and the relief sought have no particular nexus to this State. Other facts and circumstances favor Delaware as the appropriate forum. Both Warner-Lambert and American Home Products are incorporated in Delaware. It is arguable that Delaware law governs. See Velasquez v. Franz, 123 N.J. 498, 510, 589 A.2d 143 (1991); Restatement (Second) of Conflict of Laws § 302; P. John Kozyris, Corporate Wars and Choice of Law, 1985 Duke L.J. 1, 8 (1985). The Delaware Chancery Court is a particularly appropriate forum because it has a highly developed body of corporate law, and has been recognized as the "pacesetter" in the field. In the Matter of Prudential Ins. Co. Derivative Litig., 282 N.J.Super. 256, 272, 659 A.2d 961 (Ch.Div.1995); see also IBS Financial Corp. v. Seidman and Assoc., L.L.C., 136 F.3d 940, 949-50 (3d Cir.1998) ("[w]hen faced with novel issues of corporate law, New Jersey Courts have often looked to Delaware's rich abundance of corporate law for guidance.") The Delaware litigation progressed at a more rapid pace than the New Jersey suit. Further, there is no need for multiplicity of litigation which could yield inconsistent results. And finally, no New Jersey policy is thwarted by granting a stay. The opposite is true. The stay advances our strong policy of avoiding vexatious and oppressive multiple litigation in different jurisdictions. Light v. Granatell, 171 N.J.Super. 557, 564, 410 A.2d 266 (App.Div.1979); see also Oliver v. Ambrose, 152 N.J. 383, 392-93, 705 A.2d 742 (1998).
The order of the Law Division is affirmed.
NOTES
[1] Judge Wallace did not participate in oral argument. However, the parties consented to his participation in the decision subsequent to argument.